IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| GILBERT MOBLEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> GREENE COUNTY HIGHWAY ) <br> DEPARTMENT, et al., ) <br> ) <br> Defendants. ) | Case No. 6:22-cv-03007-MDH |

## ORDER

Before the Court is Plaintiff's Pro Se Motion to Appoint Counsel. (Doc. 2). Courts have "considerable discretion" in determining whether the appointment of counsel in civil cases is appropriate. *See Ward v. Smith*, 721 F.3d 940, 943 (8th Cir. 2013). Pro se litigants do not have a statutory or constitutional right to have counsel appointed in civil cases. *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998); *accord Bunch v. University of Arkansas Board of Trustees*, 863 F.3d 1062, 1067 (8th Cir. 2017). "When determining whether to appoint counsel for an indigent civil litigant, the district court considers relevant factors such as the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the ability of the indigent to present his claim." *Redwing*, 146 F.3d at 546.

Taking into account these factors, the Court concludes that it is not necessary to appoint counsel at this time. The Court is not convinced that this is the type of case that will require the skills of an attorney to investigate facts or expose conflicting testimony. The Court believes Plaintiff will be able to pursue their claim adequately without assistance from an attorney. Therefore, the Court will deny Plaintiff's motion to appoint counsel at this time without prejudice.

1

## CONCLUSION

Therefore, the Court hereby **DENIES** Plaintiff's Motion to Appoint Counsel without prejudice. (Doc. 2).

**IT IS SO ORDERED.**
DATED: January 11, 2022

             */s/ Douglas Harpool*
             **DOUGLAS HARPOOL**
             **UNITED STATES DISTRICT JUDGE**