IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| **GILBERT MOBLEY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 6:22-cv-03007-MDH |
| ) | |
| **GREENE COUNTY HIGHWAY** ) | |
| **DEPARTMENT, et al.,** ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Plaintiff Gilbert Louis Mobley's pro se motion to recuse Lowther & Johnson Law Firm ("Lowther Johnson"). (Doc. 11). For the reasons set forth herein, the Motion is **DENIED**. Defendant Lowther Johnson opposed the motion, and plaintiff did not respond.

Plaintiff Dr. Gil Mobley (hereinafter "Mobley") has moved the Court to "recuse" the undersigned's law firm from participating in the case below. Mobley's two-page motion does not make any reference to the Missouri Rules of Professional Conduct, nor does it provide any insight as to why Mobley believes disqualification is required except to say that he "believes that a conflict of interest is self-evident." From what can be best ascertained, this belief seemingly stems from a conversation that Mobley had several years ago with one of Lowther Johnson's partners, Craig Lowther, regarding money that Mobley believed would "need to be repaid to the federal government if plaintiff's conservation efforts were not ceased."

Lowther Johnson has represented Mobley in a handful of matters over the years. The last time the Lowther Johnson represented Mobley with an open file was in 2019. Mobley does not appear to have any open matter within the firm. Therefore, the requirements of Rule 4-1.7 of the

1

Missouri Rules of Professional Conduct would not apply because Mobley is not a "current client" under the Rule.

Mobley is a "former client" of Lowther Johnson under Rule 4-1.9 of the Missouri Rules of Professional Conduct. Rule 4-1.9 provides that "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing." Comment 3 to the rule provides, "[m]atters are 'substantially related' for purposes of this Rule 4-1.9 if they involve the same transaction or legal dispute or if there otherwise is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter."

Lowther Johnson contends that it has not represented Mobley in any matter that has anything remotely to do with the construction of Kansas Expressway. Because Lowther Johnson's previous representation of Mobley was not "the same or a substantially related matter" to the matter before the Court, there is no conflict of interest under Rule 4-1.9.

The crux of Mobley's motion seems to be that Mobley solicited Mr. Lowther to represent him in a phone call that occurred "[e]arly in the spring of 2018." In an unsolicited email to attorney Nicholas Fax, Mobley asserted that he sought out Mr. Lowther to "seek his help in alerting our entire county commission and county leaders of an alarming admission by Commissioner Bob Dixon that he had made to me on the phone moments earlier. Specifically, this was that if l did not cease my conservation measures involving the bats and caves involving the Kansas Expressway extension that it would cost Greene County 30-40 million dollars as, 'we'd have to pay the Feds back.'"

2

Mobley apparently now believes that Lowther Johnson should be disqualified because "Craig Lowther will be a witness to the phone call." However, Mobley does not allege that Craig Lowther was a witness to the phone call with Commissioner Dixon. That allegedly occurred long before Mobley contacted Lowther. Mobley is talking about a phone call between himself and Mr. Lowther where he told Mr. Lowther what he contends Commissioner Dixon told him. Mr. Lowther does not have personal knowledge about anything related to this case. The extent of his knowledge, if anything, is derived from what Mobley told him on the phone. It is entirely unclear what Mobley believes Mr. Lowther will testify to that has anything to do with this matter.

Rule 4-1.18 also addresses any potential issues relating to duties to prospective clients. Subsection (a) provides, "[a] person who consults with a lawyer about the possibility of forming a client-lawyer relationship with respect to a matter is a prospective client." That is the case here. As Mobley freely admits, Mr. Lowther immediately told him that Lowther Johnson would not undertake a representation adverse to Greene County, an existing client. Therefore, no attorney-client relationship was formed with respect to this matter and, if anything, Mobley's status during and after the phone call was that of a "prospective client."

Subsection (c) provides, "(a] lawyer subject to Rule 4-1.18(b) shall not represent a client with interests materially adverse to those of a prospective client in the same or a substantially related matter if the lawyer received information from the prospective client that could be significantly harmful to that person in the matter, except as provided in Rule 4-1. I 8(d). If a lawyer is disqualified from representation under Rule 4-l.18(c), no lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in such a matter, except as provided in Rule 4-1.18(d)."

Subsection (d) provides, "When the lawyer has received disqualifying information as defined in Rule 4-1.18(c), representation is permissible if: (I) both the affected client and the prospective client have given informed consent, confirmed in writing, or : (2) the lawyer who received the information took reasonable measures to avoid exposure to more disqualifying information than was reasonably necessary to determine whether to represent the prospective client and the disqualified lawyer is timely screened from any participation in the matter."

Putting aside the threshold question of whether Mr. Lowther received any confidential disqualifying information during the phone call with Mobley, the rule is nonetheless clear that Lowther Johnson's continued representation of Greene County in this matter is permissible. Mobley freely admits from his own account of the phone call that Mr. Lowther took reasonable measures to avoid exposure to more disqualifying information than was necessary to determine whether he could represent Mobley. As soon as Mr. Lowther learned that Mobley was adverse to Greene County, he immediately informed him that he could not represent him in the matter *(see* P. I of Mobley's Motion, where he states "Mr. Lowther expressed his need for recusal as his firm represents Greene County").

Moreover, Lowther Johnson asserts that Mr. Lowther has also been timely and effectively screened from any participation in this case. Mr. Lowther is not able to access the physical file. Lowther Johnson's IT department has also removed his ability to access this matter on ProLaw, making him unable to access any document or any other materials related to the file. The only other individual working on the matter as of now is attorney Nicholas Fax, and the Mr. Fax asserts that he has not and will not, discuss this matter with Mr. Lowther with the exception. Because Mr. Lowther has been timely screened representation remains permissible under Rule 4-1.1.8.

## CONCLUSION

Based on the foregoing reasons, the Court **DENIES** Plaintiff's motion to recuse Lowther & Johnson Law Firm from this case. (Doc. 11). The Court finds Defendant's assertions well-founded in law and sufficient to rule in its favor. Taking into further consideration that Plaintiff did not refute any of Defendant's arguments, the Motion (Doc. 11) is denied.

**IT IS SO ORDERED.**
DATED: July 27, 2022

              */s/ Douglas Harpool*
              **DOUGLAS HARPOOL**
              **UNITED STATES DISTRICT JUDGE**