IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| GILBERT MOBLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 6:22-cv-03007-MDH |
| | ) | |
| GREENE COUNTY HIGHWAY DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendant Greene County Highway Department's ("Greene County") motion to dismiss. (Doc. 9). The Court has continued numerous hearings at the request of Plaintiff. Most recently, Plaintiff was granted leave to file his amended complaint in this matter or this Court would rule on the prior pending motions. Plaintiff did not file an amended complaint after multiple reminders and extensions of deadlines, so the matter is now ripe for review. For the reasons discussed herein, the motion is **GRANTED**. The above-captioned case is dismissed in its entirety without prejudice.

## BACKGROUND

Plaintiff's Complaint seeks to enjoin Greene County and its general contractor, Emery Sapp & Sons, from continuing construction on an extension of Kansas Expressway in Springfield, Greene County, Missouri (hereinafter the "Kansas Expressway Extension Project"). Mobley references the existence of a Geotechnical Report issued in 2018 by Palmerton & Parrish, Inc. providing the company's recommendations regarding certain geological features and karsts along the Kansas Expressway Extension Project. Mobley then claims that several individuals, such as an unidentified bulldozer operator and others working with either the County or the contractor, are

1

either unaware of the recommendations in the Geotechnical Report or have failed, or will fail, to follow its recommendations.

Construction for the Kansas Expressway Extension Project has only begun on what is considered "Phase One," which extends generally from Republic Road to Plainview Road in Springfield. Any construction south of Plainview Road is considered "Phase Two," which is not set to begin, at the earliest, until November of 2023 and continue to at least spring of 2025. Several of the karsts and geological features Mobley complains of are not within the scope of Phase One. Phase One is the only active construction area that is currently under contract between Greene County and Emery Sapp & Sons. The limits of the construction area that has been authorized based upon the reviews & approvals granted by Federal Highway Administration and the Missouri Department of Transportation can be summarized as follows: Starting at Republic Road (Station 16+94) and continuing to the south a total of 8,581 linear feet to a terminus at Plainview Road (Station 102+75).

Moreover, the geological features and karsts mentioned in the Complaint to the south of Plainview Road will be subject to future mitigation measures in order to minimize any environmental impacts. These future mitigation measures will ultimately be addressed within the engineering design plans and contract documents for "Phase Two" of the project, which is still under design and has not yet received final federal approval for construction. Greene County continues to work with the Federal Highway Administration and the Missouri Department of Transportation (MoDOT) towards the completion of the engineering design.

## STANDARD

Federal Rule of Civil Procedure 12(b)(1) requires a federal court to dismiss a Complaint if the Court lacks subject matter jurisdiction over its claims. "Federal courts are courts of limited

jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Federal district courts may not exercise jurisdiction over an action "'absent a statutory basis.'" *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005)). Generally, federal courts exercise jurisdiction over civil lawsuits under two statutes. "In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: cases that 'aris[e] under' federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a).

## DISCUSSION

While Defendant argues that Plaintiff lacks standing to pursue this case, the Court declines to rule on whether Plaintiff has standing, as it is clear that subject matter jurisdiction does not exist in this matter.

Here, Mobley does not assert the existence of diversity jurisdiction, as he is a Missouri resident, Emery Sapp and Sons is a Missouri company, and Greene County is a Missouri county. He only claims federal-question jurisdiction, alleging that there is a federal question under 23 U.S.C. § 106(g), the Federal-Aid Highway Act. This statute deals with project approval and oversight of highways receiving federal funds. Subsection (g) states, in part, that "[t]he Secretary [of the Department of Transportation] shall establish an oversight program to monitor the effective and efficient use of funds authorized to carry out this title…" Numerous courts, however, have held that the Federal-Aid Highway Act, including 23 U.S.C. § 106, does not provide a private cause of action. *See Teal v. Smith*, No. CV 3:19-2454-MGL-PJG, 2021 WL 1407899, at *1 (D.S.C. Apr. 14, 2021) (dismissing Plaintiff's Complaint for lack of subject matter jurisdiction and failure to state a claim for which relief can be granted, holding that "nothing in this statute [23 U.S.C. §

3

106] shows that Congress intended to create a private cause of action for its violation."). *See also Endsley v. City of Chicago*, 230 F.3d 276, 279-81 (7th Cir. 2000) (holding that similar federal transportation statutes do not create a private right of action).

In *Daye v. Commonwealth of Pennsylvania,* a Pennsylvania District Court addressed this exact issue, ultimately holding that 23 U.S.C. § 106 provided neither an express, nor an implied cause of action to a private citizen. *Daye v. Commonwealth of Pennsylvania,* 344 F. Supp. 1337 (E.D. Pa. 1972), aff'd, 483 F.2d 294 (3rd Cir. 1973). *Daye* involved a claim for personal injuries asserted by several individuals (even a purported class) because of a bus wreck, whereby those individuals sued the Commonwealth for claims it failed to prevent the drainage of surface water across the roadway and to insure the installation of adequate guardrails. *Id*. They alleged the Federal-Aid Highway Act provided them with a federal cause of action. *Id*. The Court ultimately disagreed, as it began by noting "[n]either the Federal-Aid Highway Act, 23 U.S.C. § 101 *et seq*., nor the Highway Safety Act expressly authorize a suit or cause of action for violation of their provisions." *Id*. (emphasis added). In response to a claim that the Act provided an implied cause of action, the Court held:

> The statutory language of the Federal-Aid Highway Act clearly indicates that the ultimate responsibility for any safety provisions under the Act lies with the Secretary. The Secretary is given the power to withhold his approval in the event the design or construction of the highway does not meet applicable federal standards. Moreover, the Secretary is empowered to withhold funds for future projects in the event the highway is not being properly maintained. Consequently, the statutory language militates against the implication of a private remedy in that the express sanction provided in the Act is disqualification of the state for federal funds. It is noteworthy that the circumstances which would disqualify the state are in no way declared unlawful. Moreover, the congressional policy underlying the Act does not mandate an implied private cause of action. In *Mahler v. United States, supra*, the Third Circuit undertook an extensive and exhaustive review of the legislative history of the Act and concluded:
> > "It seems clear from the Acts of Congress and their accompanying legislative history, that grants-in-aid under the Federal Highway Program were and are designed to encourage states to construct their own highways and that the

4

**p**rimary function of the Bureau of Public Roads, in approving plans submitted to it by a state and inspecting roads during and after construction, is that of making sure that federal appropriations are being utilized properly and efficiently by the respective states and are not being wasted." 306 F.2d at 716.

The Court then concluded in the light of the legislative history that the Act imposes no duty on the United States running to private persons. Since the purpose of the Act is the protection of federal investment, and the sanctions provided therein are directed to fulfill such purpose, we conclude that the Act imposes no duty and no liability on the state other than those specified therein and gives rise to no private cause of action. *Id*. (emphasis added).

Mobley does not cite any other federal statute or cause of action which would invoke federal subject matter jurisdiction. Therefore, this Court does not have jurisdiction to hear Mobley's claims. Therefore, the above-captioned case must be dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(1).

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Doc. 9) is **GRANTED**. The above-captioned case is dismissed against all Defendants without prejudice.

**IT IS SO ORDERED.**
DATED: July 27, 2022

          */s/ Douglas Harpool*
          **DOUGLAS HARPOOL**
          **UNITED STATES DISTRICT JUDGE**